UNITED STATES v. METROPOLITAN ALUMINUM Co. (No. 815)[1].

MIRRORS IN CASES—PARAGRAPH 109, TARIFF ACT OF 1909.

The merchandise consists of pocket imitation-leather goods holding small mirrors and combs, or pencils and memorandum tablets. The presence of the comb or of the pencil and paper does not remove these articles·from· the category of mirrors in cases, paragraph 109,. tariff act of 1909, for the provision there is more specific than that of paragraph 17 of·the act.

United States Court of Customs Appeals, May 8, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26951 (T. D. 31971).

[Affirmed.]

*William L. Wemple*, Assistant Attorney General (*Thomas J. Doherty*, special attorney, of counsel; *Charles Duane Baker*, special attorney, on the brief), for the United States.

*Walden & Webster* (*Henry J. Webster* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

The merchandise was invoiced as follows: "25 doz. pocket toilets, leather." It was entered as follows: "One case leather goods."

---

The appraiser, in his advisory classification upon the invoice, appraised the goods at $22 in value, as follows:

Mirrors valued at $2.50 per dozen, 45 per cent............................ $16.00
Manufactures of pyroxylin, 65 cents per pound and 30 per cent, valued at $1
  per dozen.......................................................... 6.00

The appraiser, in his "Answer to protest," which is an official report from the same officer at a later time and in answer to the protest, stated:

The merchandise in question consists of pocket toilets, containing a mirror and various articles, composed in chief value of pyroxylin. * * *

No sample retained; sample correctly representing the merchandise was transmitted with protest 42823.

The samples in protest 42823 accompanied the record in this case. They are three in number, as follows:

1. A toilet case made of imitation leather and containing, inclusive, a mirror on one of the interior sides and a small celluloid comb on the other, the whole closing in the form of a book, and a size suitable for a vest pocket.

2. A similar article, except in the place of the comb there is substituted a memorandum tablet of small sheets of paper, and on the edge is a loop through which a small pencil is run, which accompanies the same as a part thereof.

3. Similar to the latter, except that it is smaller than the other.

There is no mark or other means of identification as to which of the three samples were by the appraiser deemed in protest 42823 as correctly representing the same in this case.

The board in making its findings stated:

Based on the appraiser's report and on the authority of T. D. 31744 * * * we find that the merchandise is mirrors in cases and sustain the claim in the protest at 45 per cent ad valorem under paragraph 109 of the tariff act of 1909, the collector's decision being reversed.

These facts are apparent:

The goods were invoiced and entered as leather goods; it was those goods only returned on the invoice as pyroxylin that were protested; that the answer to the protest referred to these only; that the samples are not such or to any extent pyroxylin and hence do not represent the protested importation as to material, but probably do as to form and shape; that the board found the facts as reported by the appraiser and based its decision on the proposition of law that mirrors with or without frames or cases in paragraph 109 was more specific than articles wholly or partly finished in chief value of celluloid in paragraph 17.

The crux of the case, therefore, is whether or not the presence of the comb and paper and pencil in the cases takes the articles beyond the category of "mirrors in cases" in paragraph 109.

We think that, as to the articles returned as manufactures of pyroxylin under the advisory classification of the appraiser indorsed upon the invoice, and which seem to be the sole goods the subject

of the protest, the finding of the Board of General Appraisers that they were as so returned by the appraiser is supported by the evidence in the record. At least the record does not warrant any disturbance of that finding by the board under the rules of decision laid down by this court. Likewise, the finding of the board that "the merchandise is mirrors in cases," which may be read as a finding as to the minor importance or relative insignificance of the combs or pencils or writing tablets, if they may be dignified by such designation, rests well within the record. In that view we think the conclusion of the board correct.

The goods were assessed for dutiable purposes under paragraph 17 of the tariff act of 1909 as "finished or partly finished articles of which collodion or any compound of pyroxylin, by whatever name known, is the component material of chief value."

The importer claimed them properly dutiable at 45 per cent ad valorem under the provisions of paragraph 109, as "all mirrors * * * with or without frames or cases."

Manifestly the articles under the findings of the board are not in chief value of collodion or pyroxylin or any of the compounds thereof. They are mirrors with cases. Indeed, their construction indicates their prime and probably only substantial usefulness rests in the use of the mirrors.

The invoked provision of paragraph 109 seems more specific than the provisions of paragraph 17, under which the merchandise was assessed for dutiable purposes.

*Affirmed.*