SUSSFELD, LORSCH & Co. *v.* UNITED STATES (No. 1403).[1]

SMALL CHEAP COMPASSES WITH NEEDLE AND DIAL.

It is agreed these goods, of chief value in brass, were improperly assessed by the collector. From the testimony and the exhibits themselves it appears these articles are not intended for use as parts of watches or watchcases or as field glasses, and they are not jewelry or parts thereof. They are intended to be used as a part of something else and were dutiable as articles or wares not specially provided for composed wholly or in part of metal under paragraph 199, act of 1909.

United States Court of Customs Appeals, October 29, 1914.

APPEAL from Board of United States General Appraisers, Abstract 35167 (T. D. 34307). [Reversed.]

*Curie, Smith & Maxwell* (*Thomas M. Lane* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Leland N. Wood*, special attorney on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The undisputed facts here are as follows: In March, 1913, the importers entered at the port of New York certain merchandise evidently described by the appraiser as parts of watch charms in the form of compasses, composed in chief value of brass, valued at over 72 cents per gross, and upon which the collector, in accordance with the appraiser's return, assessed duty at 75 per cent ad valorem under paragraph 448 of the tariff act of 1909. Liquidation was had at this rate in May of the same year.

The protests were duly filed in June following, and within 30 days thereafter were with the papers in the case transmitted to the Board of General Appraisers for determination.

---

[1] Reported in T. D. 34875 (27 Treas. Dec., 385).

These papers indicate that Mr. Higgins was the appraiser and Mr. Rosenberg the examiner who attended to the examination and appraisal of these importations.

At the hearing before the board the only testimony offered was by the importers, who called but one witness, Mr. Bowen, who testified that he was a customs examiner and passed the merchandise. He was shown two samples which are before us and which he testified were representatives of these shipments. These are small, apparently cheap compasses with needle and dial, on which the cardinal points and some intermediate points are indicated; degrees, however, are not shown. He testified that they were used in field-glass cases, also on the backs of watches, and other instruments; that perhaps they were capable of being used as watch charms, but he had not seen them so used; that he returned them for duty at 75 per cent ad valorem under paragraph 448 as materials of brass, and importers conceded before the board that these compasses are in chief value of brass. The evidence of the witness as to the use of these compasses seems to rest upon his observation as to the articles in which he has seen them in use.

In its opinion the board said the importers claimed the merchandise dutiable under paragraphs 109 and 199 of the same act. It further said that the testimony was clear that these compasses were used in field-glass cases, also on the backs of watches and other instruments, and not used as watch charms except in rare cases.

The opinion then states that the merchandise "more properly falls within the designation of paragraph 448 of said act for 'articles of every description finished or partly finished * * * composed * * * in chief value of * * * brass, * * * designed to be carried on or about or attached to the person,'" rather than under the clause therein providing for "all stampings * * * suitable for use in the manufacture of the foregoing articles (charms)." The board held the merchandise was not dutiable as claimed by importers and while not agreeing with the collector's classification declined to disturb it and overruled the protests.

In this court the importers contend that these compasses are dutiable at 45 per cent ad valorem as articles or wares not specially provided for composed wholly or in part of metal under paragraph 199 of the act, as claimed in their protest, and urge that the board's statement that the merchandise is articles designed to be carried on or about or attached to the person is in absolute conflict with the evidence and its own finding of fact as to the uses to which they are devoted.

The Government does not claim the assessment made by the collector was correct, but contends that these compasses are dutiable under the part of paragraph 448 held applicable by the board. We

here insert the material parts of that paragraph conveniently sub-divided for the purposes of this case:

(*a*) Chains, * * * charms, * * * together with all other articles * * * finished or partly finished, * * * or composed wholly or in chief value of * * * brass, * * * and designed to be worn on apparel or carried on or about or attached to the person. * * *

(*b*) All stampings and materials of metal (except iron and steel) or of metal set with glass or paste, finished or partly finished, suitable for use in the manufacture of any of the foregoing articles. * * *

In view of the evidence, we accept as correct the finding of the board that these compasses are used in field-glass cases and on the backs of watches and other instruments, and they are in chief value of brass. We do not know what "other instruments" were referred to by the witness, but it must be assumed that they are instruments of utility rather than ornament. The word instrument is consistent only with that understanding.

Under this state of facts the question is, Under what paragraph are they dutiable? They are not, under the finding of the board, watch charms or parts thereof, neither are they, do we think, within the meaning of the first part of paragraph 448, designed to be worn on apparel or carried on or about or attached to the person.

These compasses, so far as the evidence discloses and so far as we can judge from their appearance, are themselves finished, but their condition, as well as the evidence, indicates that they are to become a part of something else. There is no hole, eyelet, or other provision in the rim or elsewhere by means of which they can be attached to something else, but apparently they are designed to be set or fastened *into* some other article, whatever it may be. In other words, while complete of themselves they are intended to be a part of something else, and we think, of themselves, they are not designed to be worn on apparel or carried on or about or attached to the person. If they are subsequently so used, it is because that use attaches to the articles of which they may later become a part.

The first part of paragraph 448 relates wholly to chains, pins, collar, cuff, and dress buttons, charms, combs, millinery or military ornaments, and other articles not *eo nomine* named, all of which would seem to be articles chiefly for ornament rather than utility, and we think these compasses or the field-glass cases, watches, or other instruments of which they are to become a part are not within the intendment of that part of the paragraph.

The testimony of the witness is to the effect that these compasses, one sample of which has a thickness of some three-eighths of an inch with a diameter of some five-eighths of an inch, while the other is somewhat less in these respective measurements, are, among other things, designed to be set in the backs of watches. Assuming this, although such a use would hardly seem to be common, we do not

think they are parts of watches or watchcases within the meaning of paragraph 112, because their use is foreign to the use and purpose of watches or their cases, and the same observations hold true regarding their use testified to by the witness as parts of field-glass cases. Field glasses are specifically dutiable under paragraph 108; their cases are not mentioned therein and if these compasses become parts of field-glass cases they do not seem to fall within the meaning of paragraph 108.

These observations, we think, all lead to the conclusion, and the only one that can be reached upon the evidence in this case in view of the exhibits, namely, that these cheaply constructed compasses, designed as they are to be a part of something else, although finished of themselves, are dutiable at 45 per cent ad valorem as manufactures of metal under paragraph 199, as claimed by the importers.

The Government suggests that the evidence hardly warrants the conclusion that these compasses are not to be devoted to the use mentioned in the first part of paragraph 448, but we think it can not, in view of the entire record and the exhibits, be otherwise held.

The Government somewhat urges that these compasses are commonly or commercially known as jewelry or parts thereof. There is no evidence of commercial designation and, whether they are parts of watchcases or parts of field-glass cases or other instruments, we do not feel warranted, on the record and exhibits, to hold that they are, in common understanding, jewelry or parts thereof.

The result is that we conclude this merchandise is dutiable under paragraph 199 and that the judgment of the Board of General Appraisers ought to be, and is, *reversed.*