FREEDMAN & SLATER *v.* UNITED STATES (No. 3182)[1]

United States Court of Customs and Patent Appeals, June 11, 1929

*Allan R. Brown* for appellant.
*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler,* special attorney, of counsel), for the United States.

[Oral argument May 15, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges [2]

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of soft leather pouches or bags, with two or more pockets for holding and carrying toilet articles, each containing, in addition to a powder puff, a mirror in a frame permanently fastened thereto, was assessed for duty by the collector at the port of New York as "mirrors with frames or cases" at 50 per centum ad valorem under paragraph 230 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 230. * * * all mirrors, not specially provided for, not exceeding in size one hundred and forty-four square inches, with or without frames or cases, 50 per centum ad valorem; * * *.

The merchandise is claimed by the importer to be dutiable as bags or cases in chief value of leather, or as manufactures of leather

[1] T. D. 43431.
[2] LENROOT, Judge, did not participate in this decision, the case having been argued before he took his seat.

not specially provided for, at 30 per centum ad valorem under paragraph 1432 of the Tariff Act of 1922, which reads as follows:

ᴘᴀʀ. 1432. Bags, baskets, belts, satchels, cardcases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, not jewelry, wholly or in chief value of leather or parchment, and moccasins, and manufactures of leather, rawhide, or parchment or of which leather, rawhide, or parchment is the component material of chief value, not specially provided for, 30 per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling, bottle, drinking, dining or luncheon, sewing, manicure, or similar sets, 45 per centum ad valorem.

It appears from the record that the merchandise is composed in chief value of leather—"95 per centum leather and 5 per centum mirror." The bags were designed as powder or vanity bags to be carried in the hand by women in place of larger hand bags ordinarily carried by them.

Only one witness, Theodore Badman, testified concerning the purposes for which the bags were designed. Among other things he said:

These are typical bags and were especially designed, because there was a necessity, that girls when they go to an evening affair, or to a show, do not want to carry along their large leather bags, and therefore want a smaller bag where they can put in small necessities like combs, lip sticks, powder puffs, etc. It is a small bag which a girl can easily carry in her hand, instead of a voluminous large bag which hangs from her arm.

Upon this record the court below held that the merchandise was dutiable as mirrors with cases under paragraph 230, *supra*, and, accordingly, overruled the protest.

It is contended by counsel for appellant that the leather bag or pouch is not a mere mirror in a case, within the common or trade understanding of that term, but is, in fact, a hand bag, and that the mirror, which is permanently attached thereto, has lost its identity as such and has become an integral part of the bag.

It is contended by counsel for the Government that, for all practical purposes, the so-called hand bags were expressly designed and made to be used as cases for the mirrors attached thereto, and that the issue in this case is controlled by the decision of this court in the case of *United States* v. *Metropolitan Aluminum Co.*, 3 Ct. Cust. Appls. 224, T. D. 32537.

We think it unnecessary to enter upon any extended discussion of the issues in this case. Government counsel have described the articles in their brief in the following language:

An examination of the merchandise herein involved shows it to be a soft leather case made with pockets for holding articles and closing like a book, with a mirror pasted on the inside of one of the flaps.

We think this is a fair description of the articles in question. They are, obviously, not mere mirrors in cases, nor were they designed

as such. They were designed for the purpose of holding various articles such as powder, powder puffs, lip stick, combs, and other like toilet articles, and, on some occasions, are preferred to hand bags of larger size. For the purpose of convenience a small mirror is permanently attached to the inside of the bag, not as the predominant feature of the article, but to be used incidentally and in connection with the toilet articles carried in the bag.

The only material difference between the involved articles and the ordinary hand bag might be said to be that of size. If these articles are properly classifiable as mirrors in cases, we see no logical reason for not holding large hand bags or suit cases, to which mirrors are permanently attached, mirrors in cases.

The real question in the case is not whether a bag or a case contains a mirror as one of its incidental features, but whether the imported article is, in fact, predominantly a mirror with a case. Of course, if an article is, in fact, a mirror with a case, the mere fact that the case is of greater value than the mirror is not controlling of the issue, nor do we mean to be understood as holding that such an article is removed from paragraph 230 merely because the case may contain other incidental articles.

We think the decision in the case of *United States* v. *Metropolitan Aluminum Co., supra,* is not authority for the contention of counsel for the Government. While, unfortunately, we do not have before us at this time the exhibits that were before the court in that case, we are certain, from the statements in the opinion, that the articles here involved are not similar to those under consideration there. Among other things, the court there said:

> Likewise, the finding of the board that "the merchandise is mirrors in cases," which may be read as a finding as to the *minor importance or relative insignificance of the combs or pencils or writing tablets, if they may be dignified by such designation,* rests well within the record. In that view we think the conclusion of the board correct.
>
> \*　　\*　　\*　　\*　　\*　　\*　　\*
>
> Manifestly the articles under the findings of the board are not in chief value of collodion or pyroxylin or any of the compounds thereof. They are mirrors with cases. *Indeed, their construction indicates their prime and probably only substantial usefulness rests in the use of the mirrors.* (Italics ours.)

We are of opinion that the involved articles are hand or toilet bags; that they are dutiable at 30 per centum ad valorem under paragraph 1432; and that this conclusion is consistent with the decision of this court in the case of *United States* v. *Metropolitan Aluminum Co., supra.*

For the reasons stated the judgment is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.