STIRN *v.* UNITED STATES (No. 1135).[1]

SPUN SILK IN BEAMS A SINGLE ENTITY.

The merchandise is spun silk on beams, dutiable under that title at a specific rate (paragraph 397, tariff act of 1909). The beams were separately assessed with duty as manufactures of wood. *Held,* that the beams should be admitted without separate assessment as parts of the entirety "spun silk on beams."

United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 31402 (T. D. 33217).

[Reversed.]

*John Giblon Duffy* for appellant.

*William L. Wemple,* Assistant Attorney General (*William A. Robertson,* assistant attorney), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in the present case consists of spun silk wound upon beams. The beams are wooden cylinders from 4 to 6 feet long having iron caps fastened to their ends. These may be set into the bearings of a loom and the threads fed therefrom in the process of weaving. The beams are used repeatedly in making such importations until the caps become loose from wear, when they are regarded as worn out and are thrown away. They are said to be the only kind of beams upon which spun silk is imported into this country.

The collector assessed the silk with appropriate specific duty as spun silk in beams under paragraph 397 of the tariff act of 1909, and his action in that respect is conceded to be correct. In addition to the foregoing the collector also assessed separate duty upon the beams themselves at the rate of 35 per cent ad valorem as manufactures of wood under paragraph 215 of the act.

The importers protested against the separate assessment of the beams, claiming that Congress, by imposing a specific duty upon spun silk in beams, had considered the combination as a single entity, and had intended to admit the same upon payment of the specific duty alone. The protest was heard upon evidence by the Board of General Appraisers and was overruled, from which decision the importers now appeal.

The following parts of paragraph 397 of the tariff act of 1909 are sufficient for the present discussion:

397. Spun silk or schappe silk yarn, * * * if valued at exceeding one dollar per pound, in the gray, in skeins, warps, or cops, * * * on all numbers up to

---

[1] Reported in T. D. 34092 (26 Treas. Dec., 77).

and including number two hundred and five, forty-five cents per pound; * * * if valued at exceeding one dollar per pound, in the gray, in bobbins, spools, or beams, * * * on all numbers up to and including number two hundred and five, fifty-five cents per pound; * * * but in no case shall any of the goods enumerated in this paragraph pay less rate of duty than thirty-five per centum ad valorem.

The merchandise involved in the present case is identical with that in the case of United States v. Stirn (3 Ct. Cust. Appls., 62; T. D. 32350), which also arose under the tariff act of 1909. In that case, as in this, the collector not only assessed specific duty upon the silk in beams, but also separately assessed the beams themselves as manufactures of wood. The importers of the merchandise protested, presenting, however, but a single ground for their protest, namely, that the beams in question were the usual containers of spun silk, and therefore were entitled to free entry under subsection 18 of section 28 of the act. This court upon appeal held against that protest upon the ground that subsection 18 relates to usual containers of ad valorem merchandise, and not to usual containers of specific-duty merchandise, and therefore could have no application to the merchandise then at bar. The court further held upon the testimony that such beams were not the usual containers of spun silk, if that commodity alone were considered as the basis of assessment. However, in delivering the court's decision, Smith, Judge, observed as follows:

The protest makes no point as to the construction which should be placed on paragraph 397, and therefore, whether or not it was the intention of Congress to consider spun silk wound on beams as a single entity and to charge a specific duty on the silk in that particular form, we are not called upon to determine.

In the present case the protest rests solely upon the ground thus referred to, namely, that Congress, in enacting paragraph 397, considered spun silk in beams as a single entity, and intended to admit the same upon payment of the specific duty alone. The court therefore is now called upon to decide the issue which necessarily was left undecided in the former case.

It must be noted that the classification in question is not "spun silk," but is "spun silk in * * * beams." This classification certainly includes the beams quite as specifically as the silk, and can never become operative in the absence of either. While such beams are not the usual containers of spun silk in general, they are nevertheless essential components of spun silk in beams, and such is the merchandise named in the provision. These terms establish a status for the beams within the present classification similar to that enjoyed by usual containers as essential parts of dutiable merchandise at importation. Usual containers of specific-duty merchandise are admitted to entry without separate assessment upon the presumption that Congress considers such containers as parts of the dutiable merchandise under assessment and intends that the specific duty shall cover the entire merchandise. In the present case, however, nothing

is left to mere presumption, for the terms of the classification provide that the dutiable merchandise shall consist of both silk and beams. The silk and the beams are thus expressly united as the basis of assessment. Duty is imposed by the paragraph at a certain specific rate, assessable according to the weight of the silk, and when this specific duty is assessed it covers the entire combination.

The view just expressed is in harmony with the reasoning of this court in the case of United States *v.* Ringk (4 Ct. Cust. Appls., 349; T. D. 33530). That case related to the assessment of wooden spools upon which artificial or imitation silk yarn and imitation horsehair had been wound, and which were assessed with duty under paragraph 405 of the act of 1909. De Vries, Judge, in delivering the court's decision says:

> The fact that Congress in laying duty upon other threads and yarns in this tariff act upon spools made special provision therefor, affixing thereupon special rates of duty—for example, in paragraphs 313 and 314 for spool thread of cotton, etc., 346 for tapes on spools, and 397 for silk thread at different rates on yarns in skeins, warps, beams, cops, or spools—is significant that the omission of such a provision with reference to this class of importations indicated the purpose of Congress not to include within the rate of duty herein specified the assessment of the spools or cops upon which it is wound for dutiable purposes.

For the purpose of illustration let it be supposed that the classification, "spun silk in beams," appeared within the free list, instead of being dutiable. It is well known that duty-free merchandise secures free entry at importation for the usual containers thereof. This rule proceeds upon a principle analogous to that which exempts the usual containers of specific-duty merchandise from separate assessment, for in both instances the usual containers are considered as parts of the imported merchandise.

If Congress had provided for the free admission of "spun silk in beams," can it be doubted that the beams in question would be free of duty as well as the silk wound upon them? For the silk would not really be free of duty if the act required that it must be imported in beams which at the same time were made subject to duty.

It will be observed that the final sentence in paragraph 397 provides that in no case should the articles therein enumerated pay a less rate of duty than 35 per cent ad valorem. It is argued by the Government that if this ad valorem rate should become operative upon any importation, the value of the beams, under subsection 18 of section 28, would be included for assessment within the dutiable valuation of the merchandise. The Government contends that, according to the importers' construction, the beams would be admitted free if the merchandise were assessed with specific duty, but would be dutiable as part of the dutiable valuation of the merchandise under an ad valorem assessment, thus making the dutiability

of the beams to depend upon the mere form of assessment. It is urged by the Government that this result is unreasonable and makes the importers' construction untenable.

It must be remembered, however, that under paragraph 397 silk in beams bears a higher specific duty than similar silk in skeins, there being a difference of 10 cents a pound in the relative rates of duty. On the other hand, the ad valorem rate imposes the same duty upon silk in skeins and in beams. In either case, therefore, the wound silk would pay a higher duty than that in skeins, even according to the contention of the importers. Under the specific duty this would result from the higher rate imposed upon the beam silk as compared with the skein silk; while under the ad valorem duty it would result from the inclusion of the value of the beams within the dutiable valuation of the merchandise. Such an increase in duty might be expected from the fact that the wound silk is more advanced in condition than the unwound. However, according to the Government's contention, this advance in condition is twice taxed under the provision for specific duty, for not only would the silk in beams pay 10 cents a pound more duty than that in skeins, but at the same time the beams themselves would pay additional duty under a separate assessment. It is not probable that Congress intended to double-tax the increase of value resulting from the winding of the silk upon the beams, first, by adding 10 cents a pound to the specific duty imposed upon the wound silk as compared with that in skeins, and second, by assessing duty at the same time upon the beams themselves as if they were a separate importation.

In this connection, it should be noted that under the tariff acts of 1890 and 1894 silk in skeins and silk in beams were subject to an ad valorem duty only, the same rate being imposed upon both. In the tariff act of 1897 both kinds were alike dutiable at a graded specific rate per pound and 15 per cent ad valorem, with a minimum provision for 35 per cent ad valorem upon both alike. However, in the tariff act of 1909 both beam silk and skein silk were for the first time subjected primarily to a specific duty only. It is significant that under these circumstances the primary duty upon beam silk for the first time was made higher than the primary duty upon skein silk, leaving the minimum ad valorem duty still the same for both. This change of policy seems to indicate a legislative intention to cover the advanced condition of the beam silk by means only of the higher specific duty imposed upon that article, upon the assumption that under a specific assessment no additional duty would be exacted from the beams themselves.

The court therefore concludes that the appellants are entitled to the relief which they seek, and the decision of the board is *reversed*.