BUTLER BROS. *v.* UNITED STATES (No. 1926).[1]

1. CONSTRUCTION, PARAGRAPHS 78 AND 79, TARIFF ACT OF 1913—"EARTHENWARE"—
        "TOYS"—RELATIVE SPECIFICITY.

Merchandise which answers the description of paragraph 78, tariff act of 1913, "common yellow, brown, or gray earthenware made of natural unwashed and unmixed clay," and also that of paragraph 79, "earthenware and crockery ware

---

[1] T. D. 37947 (36 Treas. Dec., 234).

composed of a nonvitrified absorbent body * * * and stoneware, including * * . * ornaments, toys * * *," is, by reason of its being an ornament or toy, more specifically described by paragraph 79, and, therefore, dutiable under it.

2. EARTHENWARE GARDEN ORNAMENTS.

Diminutive earthenware figures of birds, plants, houses, and people, designed to be exposed for amusement or ornament and not intended or suitable for any utilitarian purpose, are dutiable as earthenware ornaments or toys under paragraph 79, tariff act of 1913, and are not to be classified as earthenware articles under paragraph 78.

## United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers, Abstract 42253.

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellants.

*Bert Hanson,* Assistant Attorney General (*John J. Mulvaney,* special attorney, of counsel), for the United States.

[Oral argument Jan. 9, 1919, by Mr. Washburn and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case consists of miniature garden sets of Japanese manufacture. They comprise various diminutive earthenware figures representing birds, plants, houses, and people. The figures are decorated in simple colors, but the imitations are crude, and the articles are cheap. They are mere novelties designed to be exposed for amusement or ornament, and are not intended to serve any utilitarian purpose.

The collector designated the articles as toy garden sets in chief value of decorated earthenware, and assessed duty at the rate of 40 per cent ad valorem under the provisions of paragraph 79, tariff act of 1913.

The importers protested, claiming an assessment of 20 per cent ad valorem, under the provision for common yellow, brown, or gray earthenware made of natural unwashed and unmixed clay, ornamented or decorated, in paragraph 78 of the same act.

The Board of General Appraisers overruled the protest, and the importers appeal.

The several paragraphs just cited read as follows:

78. Common yellow, brown, or gray earthenware made of natural unwashed and unmixed clay; plain or embossed, common salt-glazed stoneware; stoneware and earthenware crucibles; all the foregoing, not ornamented, incised, or decorated in any manner, 15 per centum ad valorem; if ornamented, incised, or decorated in any manner and manufactures wholly or in chief value of such ware, not specially provided for in this section, 20 per centum ad valorem; Rockingham earthenware, 30 per centum ad valorem.

79. Earthenware and crockery ware composed of a nonvitrified absorbent body, including white granite and semiporcelain earthenware, and cream-colored ware, and stoneware, including clock cases with or without movements, pill tiles, plaques, ornaments, toys, charms, vases, statues, statuettes, mugs, cups, steins, lamps, and all other articles composed wholly or in chief value of such ware; if plain white, plain

yellow, plain brown, plain red, or plain black, not painted, colored, tinted, stained, enameled, gilded, printed, ornamented or decorated in any manner, and manufactures in chief value of such ware not specially provided for in this section, 35 per centum ad valorem; if painted, colored, tinted, stained, enameled, gilded, printed or ornamented or decorated in any manner, and manufactures in chief value of such ware not specially provided for in this section, 40 per centum ad valorem.

The question therefore is between the competing classifications of "common yellow, brown, or gray earthenware made of natural unwashed and unmixed clay," upon the one hand, and "earthenware and crockery ware composed of a nonvitrified absorbent body * * * and stoneware, including * * * ornaments, toys, charms, vases, statues, statuettes," upon the other hand.

It does not seem to be disputed that the articles are composed of earthenware with a nonvitrified absorbent body; this element of the second classification therefore requires no further mention. The importers undertook to prove by testimony before the board that the clay of which these articles are composed is natural unwashed and unmixed clay. The Government, however, denies the sufficiency of the proofs.

But even if we assume for the time being that the present articles come within the primary classifications of both provisions—that is to say, that they are in fact articles of "common yellow, brown, or gray earthenware, made of natural unwashed and unmixed clay," and furthermore that they are likewise articles of "earthenware and crockery ware composed of a nonvitrified absorbent body," we do not see how the articles can escape from the force and effect of the specifications which are incorporated within the latter classification. For coupled with that classification is the specific provision that it shall cover and include articles composed of such earthenware if they are ornaments or toys, or if they are such articles as ornaments or toys. The present articles possess the nature of both ornaments and toys, and serve no other purpose. They therefore respond to these specifications. The fact that they are crude and cheap in design and construction is not controlling. For earthenware articles having a nonvitrified absorbent body, which respond to the name and character of toys or ornaments, are dutiable as such even though they may be inferior in quality, and even though they may be manufactured of natural unwashed and unmixed clay. The classification under which the articles were assessed is therefore the more specific one, and fits them with eo nomine distinctness and authority. It is entitled to prevail in their assessment.

The decision of the board is accordingly *affirmed*.