## Dow Co. *v.* UNITED STATES (No. 2134).[1]

1. ENTIRETIES, INCENSE AND BURNERS.
    Statuettes of the Buddha and sticks of incense were imported together. The statuettes may be used to burn the incense sticks or incense in other forms or may

---

[1] T. D. 39077.

be used simply as ornaments, while the incense sticks may be used without the statuettes. The two classes of merchandise are not entireties because imported together and adapted to be used together.

2. CONSTRUCTION, PARAGRAPH 78, TARIFF ACT OF 1913—"COMMON * *· * EARTHENWARE."

The word "common" as applied to earthenware in paragraph 78, tariff act of 1913, does not refer to the *material* but to the object made of it. It means usual, frequent, or regular, rather than commonplace, hackneyed, vulgar, or low. So, earthenware figures of Buddha with similar trays to be used as bases for them, being not common or usual things in this country, are not classifiable under the paragraph as common earthenware articles, notwithstanding that they are not commonplace, hackneyed, coarse, vulgar, or low. Their classification by the Board of United States General Appraisers as decorated earthenware under paragraph 79 is approved.

### United States Court of Customs Appeals, March 31, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44413.

[Modified.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellants.
. *William W. Hoppin,* Assistant Attorney General (*G. F. Lamb* and *Samuel Isenschmid,* special attorneys, of counsel), for the United States.

[Oral argument February 24, 1922, by Mr. Tompkins and Mr. Isenschmid.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

SMITH, Judge, delivered the opinion of the court:

Hollow, ornamented earthenware figures of Buddha, each figure accompanied by a package of 100 sticks of incense and a small earthenware tray, which serves as a base for the Buddha, were classified by the collector of customs at the port of Seattle as entireties and were assessed for duty at 40 per cent ad valorem as decorated earthenware under the provisions of paragraph 79 of the tariff act of 1913, which said paragraph in so far as pertinent reads as follows:

79. Earthenware * * * including * * * ornaments, toys, charms, vases, statues, statuettes, * * * and all other articles composed wholly or in chief value of such ware; if plain white, plain yellow, plain brown, plain red, or plain black, * * * painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, and manufactures in chief value of such ware not specially provided for in this section, 40 per centum ad valorem.

The importer protested, first, that the figures of Buddha and the packages of incense sticks were not entireties; second, that the incense was dutiable at 15 per cent ad valorem under paragraph 385; and, third, that the Buddha figures were dutiable as common earthenware made of natural, unwashed, unmixed clay under the provisions of paragraph 78. Paragraphs 78 and 385, in so far as they are material to the case, read as follows:

78. Common yellow, brown, or gray earthenware made of natural unwashed and unmixed clay; * * * if ornamented, incised, or decorated in any manner, and manufactures wholly or in chief value of such ware, not specially provided for in this section, 20 per centum ad valorem * * *.

385. That there shall be levied, collected, and paid \* \* \* on all articles manufactured, in whole or in part, not provided for in this section, a duty of 15 per centum ad valorem.

The Board of General Appraisers held that the figures and the packages of incense were classifiable as entireties and dutiable at 40 per cent ad valorem under paragraph 79 as painted, colored, or ornamented earthenware.

The importer appealed and now contends that the goods are not classifiable as entireties, but as separate entities, the incense sticks as nonenumerated manufactures dutiable under paragraph 385, and the figures as common yellow or brown earthenware made of natural, unwashed, unmixed clay dutiable under paragraph 78.

It appears from the evidence in the case that in 75 per cent of the sales to consumers the figures and incense sticks are sold separately. An examination of the samples establishes to our satisfaction that the figures and incense sticks are separate and distinct entities and that each is not only complete in itself, but not at all necessary to the use of the other. The figure when not burning incense serves the purpose of an ornament or statuette and might well be used to burn incense cones or grains of incense or powdered incense instead of incense sticks. On the other hand, the purpose of the incense sticks might just as well be accomplished by burning them in a saucer or other receptacle as in a tray covered by a hollow figure of Buddha.

We must therefore hold that the incense sticks are separately dutiable at 15 per cent ad valorem as manufactures not otherwise provided for.

We can not however sustain the claim of the importer that the Buddha figures and trays are dutiable under paragraph 78 as common yellow, brown, or gray earthenware made of natural, unwashed, unmixed clay. It is not disputed that both figure and tray are entireties and are made of a natural, unwashed, unmixed clay. The clay is brown in color as shown by the samples. Nevertheless, in the absence of any evidence to the contrary, we must assume that figures of Buddha set on bases, whether available for the burning of incense or otherwise, are in this country neither usual, customary, or ordinary articles of earthenware, nor usually, customarily, ordinarily, or even frequently used, and that, therefore, such figures, even if made of the clay specified in paragraph 78, are not common within the meaning of the statute. Indeed they are to our people rather novelties than common articles of earthenware. The primary meaning of "common" is—

1. Frequent or usual; often occurring, met, or seen; not out of the customary course; not distinguished or separated from the ordinary; not exceptional; regular; as, a common event; the common crow of North America.

\*      \*      \*      \*      \*      \*      \*

It also means—

3. Not excellent or distinguished in tone or quality; commonplace; hackneyed; coarse; vulger; low. (See "common"—Standard Dictionary).

The figures and trays are not commonplace, hackneyed, vulgar, or low, and, while they are not excellent or very fine in tone or quality, the court can not accept either excellence or distinction in tone or quality as a safe or certain standard for the classification of merchandise in the absence of any clear legislative expression that such was the purpose of Congress. Moreover, as Congress provided in paragraph 78 for *common* earthenware and in express terms required that it should be made of such an inferior material as natural, unwashed, unmixed clay, it is quite evident that the word "common" does not refer to the material of which the earthenware is made and must be given its primary and not its tertiary meaning.

But however that may be, the Buddhas, although they may be used as incense burners, are after all earthenware figurines, a class of statuettes, and as earthenware statuettes are specifically enumerated in paragraph 79, they can not be properly classified as common earthenware under paragraph 78.—Butler Bros. *v.* United States (9 Ct. Cust. Appls. 90; T. D. 37947).

As to the incense sticks, the decision of the Board of General Appraisers is reversed, and as to the figures of Buddha and their bases, it is *affirmed.*