## SHELDON & Co. *v.* UNITED STATES (No. 2721)[1]

ENTIRETIES—BLANK BOOKS AND LEAD PENCILS NOT.

    That parts of an article may be sold separately and be dutiable as such parts is not unusual. But, if all of the parts of an article were imported together, and such parts were made and designed to be assembled into a complete article of commerce, and when so assembled each of the parts became an essential part of the new article having a different name, character, and use, the merchandise would ordinarily be dutiable as an entirety. Blank books, fitted with a loop holding a small lead pencil, are not, with the pencils, entireties, and so classifiable as "blank books," under paragraph 1310, Tariff Act of 1922. The lead pencils are lead pencils, even though of less value than those in ordinary use; they are not essential parts of the blank books, and it can not be said that their relatively small value merges their identity into that of the books. They are dutiable as lead pencils, under paragraph 1451.

### United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 50791

[Affirmed.]

*Curtis E. Loehle* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedter* and *William H. Futrell*, special attorneys, of counsel), for the United States.

[1] T. D. 41591.

[Oral argument April 21, 1926, by Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of blank books and lead pencils. Each book is fitted with a loop to hold a small lead pencil, and in addition thereto contains approximately 30 small blank sheets of paper. The lead pencils are not permanently attached to the books, but are easily and readily removed therefrom.

The books were assessed for duty by the collector as "blank books" at 25 per centum ad valorem under paragraph 1310 of the Tariff Act of 1922.

The lead pencils were assessed for duty at 45 cents per gross and 25 per centum ad valorem under paragraph 1451 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 1451. Pencils of paper, wood, or other material not metal, filled with lead or other material, pencils of lead, crayons, including charcoal crayons or fusains, and mechanical pencils, not specially provided for, 45 cents per gross and 25 per centum ad valorem; * * *

The appellant contended on the trial below, and contends here, that the books and pencils were properly dutiable as entireties under paragraph 1310 as blank books.

The trial court held that the books and pencils were separate entities, and as such were properly assessed by the collector.

It is claimed by counsel for appellant that the lead pencils imported with the blank books are so insignificant in size, character, and value, as compared with the blank books, as to prevent their classification as separate entities.

It is argued that the lead pencils have merged with and become a part of the blank books for tariff purposes, and that, as the books and pencils are entireties, they should have been assessed for duty as blank books under paragraph 1310. The following cases are cited by counsel in support of his contention: *Park & Tilford* v. *United States,* 1 Ct. Cust. Appls. 34, T. D. 31006; *United States* v. *Metropolitan Aluminum Co.,* 3 Ct. Cust. Appls. 224, T. D. 32537; *Stirn* v. *United State*, 5 Ct. Cust. Appls. 47, T. D. 34092; *Isaacs* v. *Jonas,* 148 U. S. 648; *Altman & Co.* v. *United States,* 13 Ct. Cust. Appls. 315, T. D. 41232.

The Government contends that the cases relied upon by counsel for the appellant do not control the issues in this case; that, as there is an *eo nomine* provision for blank books and as lead pencils are also *eo nomine* provided for, they must be separately classified, unless the lead pencils have become so identified with the blank books as to have lost their separate identity, name, and use; that, as the pencils are not permanently attached to or merged with the books,

but, on the contrary, have retained their identity, name, and use, and, as the books retain their identity and use when the pencils are separated therefrom, each must be separately assessed for duty under the *eo nomine* provision therefor.

In the case of *Park & Tilford v. United States, supra,* this court held that glass bottles and cut-glass stoppers, designed and made to be used together and neither complete without the other, were dutiable as entireties.

In *United States v. Metropolitan Aluminum Co., supra,* the merchandise consisted of pocket toilet cases of imitation leather, some containing small mirrors and combs, and others containing mirrors, pencils, and memorandum tablets. The court held that the merchandise was more specifically provided for as mirrors with cases, under paragraph 109 of the tariff act of 1909 than as manufactures of pyroxylin under paragraph 17 of that act. It is true that paragraph 472 of that act provided *eo nomine* for lead pencils, but, as it was not claimed that the pencils were separately dutiable under the *eo nomine* provision therefor, the court did not consider that question in its opinion.

In *Stirn v. United States, supra,* the merchandise under consideration consisted of spun silk, wound upon wooden beams. The collector assessed the silk under paragraph 397 of the tariff act of 1909 and the beams as manufactures of wood under paragraph 215 of that act.

Paragraph 397 provided, among other things, for "Spun silk * * * on * * * beams." The court held that, as the Congress had provided in paragraph 397 for spun silk on beams, and, as the merchandise there in question was *eo nomine* provided for therein, it was dutiable thereunder as an entirety.

In the case of *Isaacs v. Jonas, supra,* the merchandise consisted of cigarette papers and pasteboard covers therefor. The papers and the covers were imported together.

The Supreme Court held that the cigarette papers were designed to be put in the pasteboard covers, and, when so combined, were adapted and used as smokers' articles; that, as the pasteboard covers were of no value or use unless combined with the papers, the merchandise was properly dutiable as entireties under the provision for "smokers' articles" contained in Schedule N of the tariff act of 1883 rather than as manufactures of paper provided for in Schedule M of that act.

In the case of *Altman & Co. v. United States, supra,* this court had under consideration merchandise described as "Untrimmed cotton corsets" and "Lace trimmings." The articles were imported together, but the lace trimmings were not attached to the corsets. It

appeared from the record in the case that the corsets and the lace trimmings were designed to be attached together, and were usually sold by the importer in that condition. The importer testified that the corsets were ready for practical use without lace trimmings being attached thereto, and that the lace trimmings were *salable articles* when separated from the corsets. There was no testimony in the case, however, to the effect that the lace trimmings could be used for any purpose other than as trimmings for corsets. This court held that the imported articles were dutiable as entireties, even though the parts, which were designed to form, when joined together, a complete article of commerce, might be the subject of commercial transaction and salable separately.

That parts of an article may be sold separately and be dutiable as such parts is not unusual. But, if all of the parts of an article were imported together, and such parts were made and designed to be assembled into a complete article of commerce, and when so assembled each of the parts became an essential part of the new article having a different name, character, and use, the merchandise would ordinarily be dutiable as an entirety. *United States* v. *Irwin et al.*, 78 Fed. 799; *Isaacs* v. *Jonas*, 148 U. S. 652; *United States* v. *Leigh*, 159 Fed. 314; *United States* v. *Auto Import Co.*, 168 Fed. 242; *Knauth* v. *United States*, 1 Ct. Cust. Appls. 422, T. D. 31499; *Jackson Co. et al.* v. *United States*, 2 Ct. Cust. Appls. 475, T. D. 32227; *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680.

We desire to call attention to the reasoning of the court in the following cases, in each of which the court held the imported articles there involved to be dutiable as separate entities: *United States* v. *Borgfeldt & Co.*, 11 Ct. Cust. Appls. 129, T. D. 38934; *Dow Co.* v. *United States*, 11 Ct. Cust. Appls. 249, T. D. 39077; *Columbia Shipbuilding Co. et al.* v. *United States*, 11 Ct. Cust. Appls. 281, T. D. 39085.

It will be noted that paragraph 1310 provides for "blank books." It is conceded that the books in question are dutiable as blank books under that paragraph. Lead pencils are *eo nomine* provided for under paragraph 1451. Accordingly, if the merchandise in this case consists of blank books and lead pencils, and if the lead pencils are not essential parts of the blank books, in view of the statutory provisions, the articles are not dutiable as entireties.

It is argued that the pencils are so insignificant in size, character, and value, as compared with the blank books, that they are not really lead pencils. It is true that the lead pencils are small, and of less value than those in ordinary use. Nevertheless, the testimony and the exhibit in the case show that they are lead pencils, and are

used as such.  Obviously, if they were not lead pencils and capable. of use as such, they would not have been imported for use with the books.

The blank books may be more conveniently used when the pencils accompany them, but the pencils are not for that reason essential parts of the books.

Whether attached to the books or entirely separated therefrom, the lead pencils remain lead pencils and retain their separate character, name, and use.  The blank books retain their essential character, name, and use, whether the lead pencils are attached thereto or entirely separated therefrom.  They are, therefore, separate entities, and dutiable as such

The judgment is *affirmed.*