UNITED STATES *v.* WILLOUGHBY CAMERA STORES, INC. (No. 3630)[1]

---

[1] T. D. 46851.

United States Court of Customs and Patent Appeals, December 30, 1933

*Charles D. Lawrence*, Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Irving I. Hartman* for appellee.

[Oral argument October 12, 1933, by Mr. Folks; submitted on brief by appellee]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain tripods, composed of wood, dutiable as parts of cameras at 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930, rather than as manufactures of wood, not specially provided for, at 33⅓ per centum ad valorem under paragraph 412 of that act, as assessed by the collector at the port of New York.

The competing paragraphs, so far as pertinent, read as follows:

PAR. 412. Spring clothespins, 20 cents per gross; furniture, wholly or partly finished, and parts thereof, and folding rules, all the foregoing, wholly or in chief value of wood, and not specially provided for, 40 per centum ad valorem; wood moldings and carvings to be used in architectural and furniture decoration, 40 per centum ad valorem; bent-wood furniture, wholly or partly finished, and parts thereof, 47½ per centum ad valorem; paintbrush handles, wholly or in chief value of wood, 33⅓ per centum ad valorem; wood flour, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

PAR. 1551. Photographic cameras and parts thereof, not specially provided for, 20 per centum ad valorem: * * *

It appears from the testimony of the witnesses called by appellee that certain large cameras, such as "view cameras, copying cameras, [and] photo-engraving cameras," must, while in use, be rigidly supported and held in a given position, either horizontal or vertical, and that tripods are used as such supports; that tripods are so made that objects supported by them may be elevated or lowered; that they are connected to such cameras by means of screws which, when in use, extend upwardly through the flat circular heads of the tripods and fit into sockets in the cameras; that, in the use of such cameras, for the reasons stated, tripods are essential. It further appears from the

record that cameras and tripods are rarely sold together; that tripods are used for various other purposes; and that stands on wheels are used in photographic galleries to support large "professional cameras."

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* *Welte & Sons* v. *United States,* 5 Ct. Cust. Appls. 164, T.D. 34249; *United States* v. *American Steel & Copper Plate Co.,* 14 Ct. Cust. Appls. 139, T.D. 41673; *Peter J. Schweitzer, Inc.* v. *United States,* 16 Ct. Cust. Appls. 285, T.D. 42872, and cases cited therein; *United States* v. *John Wanamaker,* 16 Ct. Cust. Appls. 548, T.D. 43266.

The mere fact that two articles are designed and constructed to be used together, does not necessarily make either a part of the other. *Columbia Shipping Co. et al.* v. *United States,* 11 Ct. Cust. Appls. 281, T.D. 39085; *United States* v. *Kalter Mercantile Co. et al.,* 11 Ct. Cust. Appls. 540, T.D. 39680.

Typewriter desks are designed and constructed to be used with typewriters, and frequently have attachments so that typewriters may be joined to them. Furthermore, typewriters must be rigidly supported in order that they may be used properly, yet no one would suggest that ordinary typewriter desks were integral, constituent, or component parts of typewriters, although, no doubt, users of ordinary typewriters would testify that typewriter desks were essential to the proper use of such typewriters.

A pianist would undoubtedly testify that a piano bench or stool was essential to the proper use of a piano. It is obvious, however, that a piano bench is not an integral, constituent, or component part of a piano.

Stationary engines require rigid supports. Such supports may be made of wood, concrete, or other material. When in use, the engine is attached to its support, but such support is, obviously, not a part of the engine. The two articles are merely designed to be, and are, used together.

The court below held that the involved tripods were chiefly used as parts of cameras, and, therefore, dutiable as such parts. Of course, if they are parts of cameras and chiefly so used, the judgment must be affirmed. *Magone* v. *Wiederer,* 159 U.S. 555. However, if they are not parts of cameras, the fact that they are chiefly used in connection with, and as supports for, cameras, is, obviously, not of vital importance in a proper determination of the issues before us.

A "tripod" is defined in Funk & Wagnalls' New Standard Dictionary as follows:

* * * A utensil or article having three feet or legs. Specif.: (1) A three-legged stand, usually hinged near the top, *for supporting some instrument, as a camera or compass.* * * * (Italics ours.)

It may be granted that each of the cameras hereinbefore referred to must, in order to be properly used by a photographer, have some adjustable and rigid support, but the very statements of the witnesses for appellee, to the effect that *view cameras, copying cameras,* and *photo-engraving* cameras, must, while in use, be supported by *tripods,* clearly indicate that such *cameras* and *tripods* are separate and distinct commercial entities.

It is evident, we think, from the character of the articles and from the testimony in the case, that, when a tripod and a camera are used together, each "performs its separate function without loss of any of its essential characteristics." Whether separate or joined, each is complete in itself, each is a distinct and separate commercial entity. See *United States* v. *Borgfeldt & Co.,* 11 Ct. Cust. Appls. 105, T.D. 38750; *Dow Co.* v. *United States,* 11 Ct. Cust. Appls. 249, T.D. 39077; *Columbia Shipping Co. et al.* v. *United States, supra; United States* v. *Kalter Mercantile Co. et al., supra.*

We are of opinion, therefore, that, although it may be necessary to use *tripods* as *supports* for the involved *cameras,* tripods are not, for that reason, integral, constituent, or component parts of such cameras. The most that can be said is that the two articles—a tripod and a camera—are designed to be used together, one as a support for the other, and that they are chiefly so used.

It is argued by counsel for appellee that, as the involved tripods are essential to the proper use by photographers of certain cameras, they are parts of such cameras, within the purport of the decision of this court in the case of *United States* v. *Gennert, Inc.,* 18 C.C.P.A. (Customs) 453, T.D. 44701, wherein it was held that certain tripods were not dutiable as parts of cameras. In so holding, the court, among other things, said:

Much testimony was introduced by both sides upon the trial below. After summing up such testimony, the lower court in its opinion said:

The testimony in this case established (1) that the tripod in question is used in connection with a camera; (2) that it is suitable for such use; and (3) that its use for other purposes is fragmentary, and does not preponderate against its use for cameras. It therefore seems to us that this tripod is part of a camera.

We think the testimony supports the three findings of fact above stated, but it should also be stated that there is no testimony that the tripods in question are *essential to the operation* of a camera, but on the contrary the testimony fairly shows that, in the ordinary use of a camera, the utilization of a tripod is optional.

We are of opinion that the court below erred in holding that because the tripods in question are used in connection with a camera, are suitable for such use, and that their use for other purposes is fragmentary, they are therefore parts of cameras. A collar button is manufactured for use in connection with a shirt, it is suitable for such use, its use for other purposes is fragmentary, but those facts do not make a collar button part of a shirt.

In the case of *Schoverling, Daly & Gales* v. *United States,* 142 F. 302, it was held that rubber recoil pads intended for reducing the shock from the discharge of a gun, but which are not a necessary attachment, their use being optional, were not dutiable as parts or fittings of guns under the Tariff Act of 1897.

In the case of *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673, which involved the classification of certain glass photolithographic camera screens, this court, after reviewing a number of cases, including that last above cited, said:

An examination of these cases will disclose, we think, that the controlling feature in each of the cases cited was a consideration of the question whether the particular articles imported were, or were not, essential to the operation or use of the particular thing of which they were said to be parts, and, in the absence of which the thing in question was not capable of the use for which it was intended. *In each case cited the article involved was entirely able to function and perform its original purpose without the thing imported.*

But when the thing imported *is essential to the functioning and use* of the article of which it is said to be a part, a much different condition arises.

The court there held that the *screens in question were essential parts of reproduction cameras and were dutiable as parts thereof.*

There is no proof in the case at bar that the tripods in question *are essential to the operation of cameras,* but on the contrary the testimony shows that, generally speaking, the use of tripods with cameras is optional.

Following the decision of this court in *United States* v. *American Steel & Copper Plate Co.,* supra, *we hold that no article can be held to be a part of another article if it is not essential to the use of the other.*

It not being shown that the tripods in question *are essential to the use of cameras,* there is no basis for classifying them as parts of cameras. (Italics ours.)

It certainly was not the intention of this court in the *Gennert* case, *supra,* to overrule the principles hereinbefore stated and clearly established in the cases cited, nor to hold, either expressly or by implication, by the employment of the language in the opinion "essential to the operation" and "essential to the use," or any other language therein, that the mere use, essential or otherwise, of one article, complete in itself, *in connection* with another article, complete in itself, made either a part of the other. Nor, in our opinion, is there any intimation in the decision in the case of *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673, which was cited, and quoted from, in the the *Gennert* case, that we intended to depart from the well-established law on the subject. On the contrary, after reviewing the authorities and stating the law (quoted in the decision in the *Gennert* case) the court held that certain "halftone screens" essential to the proper performance of the functions of photographic cameras when used for reproducing purposes were parts of such cameras. In concluding its opinion, the court said:

It is shown by the record before us that reproduction cameras are photographic cameras and that the screens in question are essential parts of these cameras and *without which they cannot function as such.* They are, therefore, properly dutiable as parts of photographic cameras under said paragraph 1453. (Italics ours.)

The decision in the case of *United States* v. *Bell & Howell Co.,* 19 C.C.P.A. (Customs) 151, T.D. 45263, is also relied upon by counsel for appellee as authority for his contention that the involved tripods are parts of cameras. In that case the court held that certain "Kodacolor filter adapters" for photographic lenses were dutiable as parts of photographic cameras under paragraph 1453 of the Tariff

Act of 1922, as claimed by the importer and as held by the court below, rather than as frames and mountings for photographic lenses under paragraph 228 of that act, as claimed by the Government. In the opinion of the court, we stated that "Kodacolor filter adapters" were—

designed and used as equipment and accessories for, or adjuncts of, photographic lenses, and are, when in use, so connected that they directly contribute to, and aid, photographic lenses in the performance of their proper functions.

It is clear from the evidence in that case, as stated in the opinion of the court, that, without the articles there involved, cameras could not perform one of their proper functions—the taking of colored pictures. For that reason, we held that they were parts of cameras. However, the expression used in the opinion that they were "designed and used as equipment and accessories for, or adjuncts of, photographic lenses" was inadvertent, and was no doubt due to the discussion *in extenso* of what constituted mountings for photographic lenses. Of course, had the court been of the opinion that, in a tariff sense, they were mere *adjuncts* of, or *accessories* for, photographic lenses, it would not have held, as it did, that they were *parts* of photographic cameras.

For the reasons herein stated, the judgment is *reversed*.

CONCURRING OPINION

Bland, Judge, specially concurring:

I concur in the conclusion reached by the majority that the judgment of the court below should be reversed, and that the imported merchandise, tripods, upon this record, should not be regarded as parts of cameras.

An accessory to an article might be chiefly used with the article and yet not be part of it, because to be part of it, under the decisions cited in the majority opinion, it must be such an integral part of the same that the article itself would not function *as such article* without the accessory or part. In my judgment, there are cameras that cannot function except with the use of a tripod, and the substitution of desks or boxes or other improvisations to hold the camera is not practicable or possible in successful photography with that character of camera. Therefore, if a tripod was imported for a camera which could not be used successfully without *the* tripod, surely under the rule in the *Welte & Sons* case, referred to by the majority, that tripod would be part of the camera, but I agree with the majority that that is not the case before us. If the tripod could be fastened to a certain camera only, and that camera could not be operated without a tripod and would not fit any tripod but the imported one, then the tripod should be regarded as a part of the camera.

I am thinking of a situation where there might be a camera and a tripod imported which, by reason of a special connecting apparatus, were designed to be used together and neither could function without the other. I am sure there are cameras which could not perform the function for which they are intended and designed without a tripod or a support of some kind. If such camera would fit no other support but the imported tripod, and if the tripod would fit that particular camera only, then the two parts, when joined together, surely, make up an entirety, under all the decisions.

I am not advised if there are such tripods and cameras entering into our international commerce, but if there are, the reasoning of the majority opinion, notwithstanding the rule cited in the *Welte & Sons* case and other cases, if followed, would require a holding that the tripods were not parts of cameras, and in such a case, in my judgment, this conclusion would be improper. See *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434, where this court held lamps and horns to be parts of automobiles.

CONCURRING OPINION

LENROOT, Judge, specially concurring:

I concur in the conclusion that the tripods here involved are not parts of photographic cameras, although I think such conclusion is at variance with the clear implications of our opinion in the case of *United States* v. *G. Gennert*, 18 C.C.P.A. (Customs) 453, T.D. 44701, cited in the majority opinion in the case at bar.

I think the language we used in that case, quoted in the majority opinion, clearly implies that tripods are properly classifiable as parts of cameras if they are shown to be essential to the use of cameras. In the case at bar the trial court found, and the evidence abundantly establishes, that the tripods here in question are essential to the practical operation of photographic view cameras, and, in view of the above-mentioned quotation from our opinion in the *Gennert* case, *supra*, the trial court was justified in reaching the conclusion that said tripods were parts of cameras.

However, upon further deliberation, I am now satisfied that in said case we gave, by implication, a broader construction to the word "parts" than was proper, although in so doing we followed a like implication in the case of *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T.D. 41673.

I concur in the statement in the majority opinion that in order to be a part of an article, such part must be an integral, constituent, or component part, without which the article to which it is to be joined could not function as such article. I cannot, however, agree to the implied construction given by the majority to this rule in the discussion of the case of *United States* v. *Bell & Howell Co.*, 19 C.C.P.A.

(Customs) 151, T.D. 45263. The opinion in that case shows that the articles there involved were small, brass rings, designed and adapted for holding colored glass in front of photographic lenses. In other words, the ring is an attachment for holding colored glass in front of the lens of a camera, which lens is located completely outside the camera proper. The camera will function as a camera without the use of the brass ring and colored glass. It is true that without such colored glass it will not function for taking colored pictures; but in the case at bar, a view camera will not function in any practical way as a view camera without a tripod such as is here involved.

The majority opinion states that the holding in said *Bell & Howell* case, *supra*, that the articles there involved were "designed and used as equipment and accessories for, or adjuncts of, photographic lenses * * *" was inadvertent. I can only say that, insofar as I participated in that decision, such language was not inadvertent, and it expressed then, and expresses now, in my judgment, a correct statement of the character of the articles there involved.

In my opinion, the rule stated in the majority opinion in the instant case, herinbefore quoted, should prevent such articles as were in-involved in said *Bell & Howell* case, *supra*, from being classified as parts of cameras, and properly so.