Before the First Division, January 5, 1945

**No. 49922.**—Protests 91969–K, etc., of C. S. Emery & Co. (St. Albans).

Opinion by Walker, J. At the trial two exhibits were introduced in evidence. Exhibit 1, the trunking, consists of pieces of wood from 6 to 16 feet long, and either 3 by 4 inches or 4 by 6 inches in width and thickness, having a groove or channel, 1½ inches wide and 1½ inches deep, cut on one side. Exhibit 2, the capping, consists of pieces of white pine, 6 to 16 feet long, 4 to 6 inches wide, and 1 inch thick. Cables are intended to be laid in the groove in the trunking and the capping is intended to be placed over the same as a cover. The examiner, testifying on behalf of the plaintiff, stated that "the two pieces go to fit together and they are used together" but had the capping been shipped separately he would return it as planed lumber. Plaintiffs in their brief urged that the quantity of each is not identical, and that each component part is of random length so that further effort is necessary by cutting and fitting to make the merchandise an entirety; and further, that "each could be put to infinite other uses irrespective of the other." The court held that this may be true of the capping, which appears to be nothing more or less than planed lumber, but it is not true as to the trunking. The court further held that "it makes no difference at all that either or both of the parts of an entirety may be used independently as separate articles. The thing that makes it an entirety is that by the union of the parts a new article may be formed, having an identity of its own as such." (*Sheldon & Co.* v. *United States*, 14 Ct. Cust. Appls. 108, T. D. 41591, and *Altman* v. *United States*, 13 id. 315, T. D. 41232, cited.) The evidence in this case established that the parts, trunking and capping, when put together formed a new article, viz, a cable conduit. The record did not establish clearly that the quantity of trunking was not substantially equal to the quantity of capping. If this were

so, there might have been some ground for holding the doctrine of entireties inapplicable, at least as to the excess of one over the other. Since the plaintiffs failed to overcome the presumption of correctness attaching to the action of the collector, the protests were overruled.