BEFORE THE FIRST DIVISION, FEBRUARY 9, 1949

**No. 52871.**—Schwartz-Gilbert Co., Inc. *v.* United States, protests 970198–G and 981682–G (New York).

OLIVER, Chief Judge: The merchandise at bar is described on the invoice in one instance as a jam jar and chrome spoon and as a glass sugar pot and chrome spoon on the other invoice. It was assessed with duty as entireties under paragraph 218 (f) of the Tariff Act of 1930 as blown glassware or articles composed in chief value thereof at 60 percent ad valorem. Plaintiff by its protest claims the spoon and the jar and the glass sugar pot and spoon are not entireties but are separately dutiable, the spoon at 40 percent ad valorem under the provisions of paragraph 339 as a table, household, kitchen, or hospital utensil "composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for."

Upon the trial the above protests were consolidated and tried together.

No sample of the imported merchandise is before us but from the description given by plaintiff's witness it appears that although differently described, the merchandise on both invoices is identical and consisted of a glass jar or pot, and a spoon. The jar or pot consisted of a "flat cylindrical-shaped glass affair about 3½ or 4 inches high, roughly about 3½ inches in diameter, * * * and the cover was sort of a narrow arc with a little knob on top." (R. 4.) The top was of chrome metal and did not have any hole in it to accommodate the spoon when not in use. The spoon was also chrome, being "slightly smaller than the average tea spoon." (R. 4.) When not in use, the spoon would have to be left outside the jar and anyone desiring to remove the contents would first have to take off the top and then use either the spoon previously described or any other spoon.

It was stipulated in open court that the spoon was composed wholly or in chief value of "copper, brass, or steel, or any other base metal." (R. 5.) The plaintiff's testimony stands uncontradicted and no briefs were submitted by either side.

In *Wm. Adams, Inc.* v. *United States,* 5 Cust. Ct. 239, C. D. 407, the merchandise consisted of certain metal trays, each containing five glass dishes, two metal spoons or servers, and two metal forks. The court, in holding these articles not to be entireties, said (p. 241):

> Where articles are designed to be used together but are separate, distinct, and complete in themselves, they are not to be regarded for tariff purposes as entireties, because they do not merge so as to form a new and distinct article of commerce having a different character and use, or because neither is essential to the completeness of the other or bears a natural affinity or relation one to the other.

See also *Coty Processing Co., Inc.* v. *United States,* 23 C. C. P. A. 117, T. D. 47768.

In the case of *Sheldon & Co.* v. *United States,* 14 Ct. Cust. Appls. 108, T. D. 41591, the merchandise consisted of blank books and lead pencils, each book being fitted with a loop to hold a pencil. They were classified for duty separately, the books as blank books, and the pencils as pencils. The importer claimed they were properly dutiable as an entirety, but this court overruled the protest, and the Court of Customs Appeals, in affirming said decision, said:

> Whether attached to the books or entirely separated therefrom, the lead pencils remain lead pencils and retain their separate character, name, and use. The blank books retain their essential character, name, and use, whether the lead pencils are attached thereto or entirely separated therefrom. They are, therefore, separate entities, and dutiable as such.

In the case before us neither article is normally essential to the completeness of the other. Here we have distinct entities, to wit, jars in chief value of glass and chromium spoons, for each of which an *eo nomine* provision is made in separate paragraphs of the Tariff Act of 1930. The fact that they were imported together

has not caused any part to lose its identity or its normal use. (*United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 C. C. P. A. 367, T. D. 46132.) Each article is complete in itself and should be so treated for tariff purposes.

We are of the opinion that the articles here before us are not entireties but are separately dutiable as claimed, the glass jars at 60 percent ad valorem under paragraph 218 (f) of the Tariff Act of 1930 and the chrome spoons at 40 percent ad valorem under the provisions of paragraph 339 of the same act as a table, household, kitchen, or hospital utensil, composed wholly or in chief value of copper, brass, steel, or other base metal, not plated with platinum, gold, or silver, and not specially provided for. The claims in these suits are sustained to the extent indicated.