BEFORE THE SECOND DIVISION, NOVEMBER 8, 1956

**No. 60342.**—Aluminex, Incorporated *v*. United States, protests 230930–K and 275929–K (Los Angeles).

FORD, Judge:  The merchandise covered by the two suits listed above was classified by the collector of customs as "Other articles, chief value steel—n. s. p. f.," and duty was levied thereon at the rate of 22½ percent ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802.  Plaintiff claims said merchandise to be properly dutiable at 15 percent ad valorem under paragraph 312 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as sashes and frames of iron or steel, or at 1 cent per pound or 7½ percent ad valorem under said paragraph, as modified, as structural shapes.

While the latter claim has not been specifically abandoned, no evidence was offered at the trial to support it, and no mention of said claim is made in the brief of counsel for the plaintiff.  We shall, therefore, consider this latter claim as abandoned.

At the trial, a sample of the weather bar in question was admitted in evidence as exhibit 1; also, a section of a steel window sash or frame was admitted in evidence as illustrative exhibit 2, and a catalog, showing how window sashes are

used with weather bars like those here in issue, was marked illustrative exhibit 3.

One witness testified for the plaintiff that "the use of the weather bars were to be applied to the top of the window over the vents where they were designed for * * * to keep the water out or the water from running in through the vent from coming into the building." The witness also testified that "Windows that were installed without drips have a very good possibility of leaking due to rain running down the face of the building and in through the vent when the window is closed. They are of no benefit, of course, when the window is open."

In support of its claim that these weather bars or strips are classifiable as an entirety with the sashes or frames on which they may be used, the witness testified that, in making a sale of window sashes and frames, they usually send the weather bar out with every window and that the price of the window includes the weather bar or drip; that light would come through the window, without the weather bar, and that "The average purchaser doesn't know, let's say, that he should have a weather bar with it. We, as a supplier, it's our duty to see that he gets the proper merchandise to insure a tight job." The witness also testified that he has no assurance that a person installing a window uses a weather bar or strip; that he sells only to dealers and distributors.

On cross-examination, the witness was interrogated and answered as follows:

X Q. Would you say every window that's been delivered by your company to dealers has had a corresponding weather bar or rain drip delivered with it?— A. No.

X Q. Isn't it optional with the dealer as to whether or not he desires them or needs them?—A. It is. He knows his customer's need. He has figured the job. He knows what the contractor—the type of construction.

\* \* \* \* \* \* \*

R. X Q. And it could also be that there are windows bought without weather bars?—A. That's true. On many jobs we could go pick up our weather bars where they are not used and give them to the next fellow, because they are so much scrap metal on the job.

Based upon the record in this case, counsel for the plaintiff states in its brief as follows:

Pertinent decisions under which the merchandise should be classified as entireties with the imported frames or sashes are as follows:

*Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232; *Salemi & Sons* v. *United States*, 19 C. C. P. A. (Customs) 43, T. D. 44892; *United States* v. *Kronfeld*, 20 C. C. P. A. (Customs) 57, T. D. 45679; *Emery & Co.* v. *United States*, 14 Cust. Ct. 183, Abstract 49922; *George Scherr Co., Inc.* v. *United States*, 26 Cust. Ct. 238, C. D. 1330, affirmed in *George Scherr Co., Inc.* v. *United States*, 40 C. C. P. A. (Customs) 6, C. A. D. 489; *Leon Marks* v. *United States*, 28 Cust. Ct. 98, C. D. 1393; and *Donalds* v. *United States*, 32 Cust. Ct. 310, C. D. 1619.

In our opinion, the instant case is distinguishable from each of the cases cited, *supra.*

It will be noted in this case that said paragraph 312 contains no provision for "parts" of sashes and frames of iron or steel. In the *Scherr* case, *supra*, the provision under which the merchandise was classified and held to be dutiable was for "* * * all other parts * * *." In disposing of the issue in the *Scherr* case, the Court of Customs and Patent Appeals said:

The evidence submitted definitely establishes that the involved accessory tips are not merely surplus or extraneous parts which have an occasional, casual, or optional use, but are detachable or adjustable constituent parts of the respective speed indicators which are indispensable to the performance of the manifold operations for which the imported indicators were designed.

In one of these suits, the invoice shows that 1,883 windows and 3,970 weather bars were imported, and, in the other case, the invoice shows that 2,600 weather

bars and only 2 complete windows were imported. Such a variance in the number of the two articles imported does not support the plaintiff's contention that the two articles should be treated as entireties for dutiable purposes.

Upon a full consideration of the record herein, we find and hold that the plaintiff has failed to establish by proper evidence that the involved weather bars should be considered for dutiable purposes with the sashes and frames provided for in said paragraph 312. The collector's classification is, therefore, affirmed, and the claims of plaintiff are in all respects overruled. Judgment will be rendered accordingly.