SCHOVERLING, DALY & GALES v. UNITED STATES.

(Circuit Court, S. D. New York. January 2, 1906.)

No. 4,006.

1. CUSTOMS DUTIES—CLASSIFICATION—RECOIL PADS—PARTS OF GUNS—MANU-
FACTURES OF RUBBER.

     Rubber recoil pads, intended for reducing the shock from the discharge of a gun, but which are not a necessary attachment, their use being optional, *held*, in the absence of satisfactory evidence of a commercial understanding in support of such classification, not to be dutiable as parts or fittings of guns, under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 158, 30 Stat. 164 [U. S. Comp. St. 1901, p. 1642], but as manufactures of india rubber, under paragraph 449, Schedule N, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United States General Appraisers.

This case relates to a decision in which the Board of General Appraisers affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Schoverling, Daly & Gales. Note G. A. 4,402 (T. D. 20,956). The articles in controversy were classified under the following provision: "158. * * * Double-barreled, sporting breech loading shotguns, combination shotguns and rifles, * * * double barrels for sporting breech-loading shotguns and rifles, * * * stocks for double-barreled sporting breech-loading shotguns and rifles, * * * all other parts of such guns or rifles, and fittings for such stocks or barrels, finished or unfinished, fifty per centum ad valorem."

Comstock & Washburn (Albert H. Washburn, of counsel), for the importers.

D. Frank Lloyd, Asst. U. S. Atty.

HAZEL, District Judge. The article was assessed for duty by the collector at the rate of 50 per cent. ad valorem under Tariff Act of July 24, 1897, c. 11, § 1, Schedule C, par. 158, 30 Stat. 164 [U. S. Comp. St. 1901, p. 1642]. It consists of an india rubber attachment to guns, known as a "recoil pad," and takes the place of the heel plate of the gun. It is not extensively manufactured, and, inasmuch as the recoil pad is not an essential or necessary attachment, its use

is simply optional. Some evidence was given on behalf of the government to prove that in trade the article was regarded as a finished fitting for the stock of the gun. Such evidence, however, is unpersuasive, and falls short of establishing a commercial usage. Evidence of this description must show definite and general usage in commerce and trade. As said in Maddock v. Magone, 152 U. S. 368, 14 Sup. Ct. 588, 38 L. Ed. 482:

"Necessarily, commercial designation is the result of established usage in commerce and trade; and such usage, to effect a general enactment, must be definite, uniform, and general, and not partial, local, or personal."

In this case the testimony to establish commercial usage was by an employé of an importing retail house and by a workman in a gun and rifle factory. It does not sufficiently appear that they were familiar with any trade custom or usage in relation to the article in question. Several witnesses for the protestants, who were engaged in the trade, have testified in this court that the function of the recoil pad is to resist the recoil of the gun, and that it adds to the comfort of the person shooting. Such witnesses also state that the recoil pad is not a fitting for the gun, and while to a considerable extent it displaces the stock plate yet there are many guns manufactured and used without such plate or heelpiece. As the testimony upon this point was not before the board, I am of the opinion that the merchandise is not strictly a fitting to a gun, or part of a gun as commercially understood; and hence is not dutiable as assessed, but comes more properly within the classification of section 1, Schedule N, par. 449, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678], and is dutiable at 30 per cent. ad valorem as a manufacture of india rubber. Such, formerly, was the classification by the collector of articles of this description.

The decision of the Board of General Appraisers is modified accordingly.