UNITED STATES *v.* G. GENNERT, INC. (No. 3368)[1]

United States Court of Customs and Patent Appeals, March 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*James R. Ryan*, special attorney, of counsel), for the United States.
*Irving L. Hartman* for appellee.

[Oral argument February 6, 1931, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal by the United States from a judgment of the United States Customs Court.

The merchandise involved consists of tripods for cameras, composed in chief value of wood. The collector at New York classified the merchandise and assessed duty thereon at 33⅓ per centum ad valorem, under the provisions of paragraph 410 of the Tariff Act of 1922, which reads as follows:

PAR. 410. Spring clothespins, 15 cents per gross; house or cabinet furniture wholly or in chief value of wood, wholly or partly finished, wood flour, and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

The importer, appellee here, protested, claiming the merchandise to be dutiable at 20 per centum ad valorem, as parts of photographic cameras, under paragraph 1453 of said Tariff Act of 1922, the pertinent provision of which reads as follows:

PAR. 1453. Photographic cameras and parts thereof, not specially provided for, 20 per centum ad valorem;  *  *  *

[1] T. D. 44701.

The Government, upon the trial of the case, moved to dismiss the protest as insufficient for certain reasons which it is unnecessary to detail here. This motion was denied, the lower court sustained the protest, and one of the errors assigned is the ruling denying the motion to dismiss the protest. Upon oral argument the assistant attorney general abandoned this assignment of error, so the only question before us is as to the dutiability of the merchandise.

The question before us is: Are the tripods in question parts of cameras?

Much testimony was introduced by both sides upon the trial below. After summing up such testimony, the lower court in its opinion said:

> The testimony in this case established (1) that the tripod in question is used in connection with a camera; (2) that it is suitable for such use; and (3) that its use for other purposes is fragmentary, and does not preponderate against its use for cameras. It therefore seems to us that this tripod is part of a camera.

We think the testimony supports the three findings of fact above stated, but it should also be stated that there is no testimony that the tripods in question are essential to the operation of a camera, but on the contrary the testimony fairly shows that, in the ordinary use of a camera, the utilization of a tripod is optional.

We are of opinion that the court below erred in holding that because the tripods in question are used in connection with a camera, are suitable for such use, and that their use for other purposes is fragmentary, they are therefore parts of cameras. A collar button is manufactured for use in connection with a shirt, it is suitable for such use, its use for other purposes is fragmentary, but those facts do not make a collar button part of a shirt.

In the case of *Schoverling, Daly & Gales* v. *United States*, 142 F. 302, it was held that rubber recoil pads intended for reducing the shock from the discharge of a gun, but which are not a necessary attachment, their use being optional, were not dutiable as parts or fittings of guns under the Tariff Act of 1897.

In the case of *United States* v. *American Steel & Copper Plate Co.*, 14 Ct. Cust. Appls. 139, T. D. 41673, which involved the classification of certain glass photolithographic camera screens, this court, after reviewing a number of cases, including that last above cited, said:

> An examination of these cases will disclose, we think, that the controlling feature in each of the cases cited was a consideration of the question whether the particular articles imported were, or were not, essential to the operation or use of the particular thing of which they were said to be parts, and, in the absence of which the thing in question was not capable of the use for which it was intended. In each case cited the article involved was entirely able to function and perform its original purpose without the thing imported.
>
> But when the thing imported is essential to the functioning and use of the article of which it is said to be a part, a much different condition arises.

The court there held that the screens in question were essential parts of reproduction cameras and were dutiable as parts thereof.

There is no proof in the case at bar that the tripods in question are essential to the operation of cameras, but on the contrary the testimony shows that, generally speaking, the use of tripods with cameras is optional.

Following the decision of this court in *United States* v. *American Steel & Copper Plate Co.*, *supra*, we hold that no article can be held to be a part of another article if it is not essential to the use of the other.

It not being shown that the tripods in question are essential to the use of cameras, there is no basis for classifying them as parts of cameras. Therefore the lower court erred in sustaining the protest, and the judgment appealed from is *reversed.*