ABERCROMBIE & FITCH CO. *v.* UNITED STATES [1]

United States Customs Court, Second Division

(Decided June 28, 1938)

*Siegel & Mandell* (*Samuel T. Siegel* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Richard E. Fitz-Gibbon*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of so-called antirecoil heel plates composed in chief value of rubber. Duty was levied thereon at the rate of $27\frac{1}{2}$ per centum ad valorem under paragraph 365 of the Tariff Act of 1930 as parts of shotguns and fittings for shotguns, stocks, or barrels, the rate of 55 per centum ad valorem therein imposed having been reduced to $27\frac{1}{2}$ per centum ad valorem by virtue of a trade agreement entered into between the United States and Belgium and Luxemburg promulgated in T. D. 47600, 67 Treas. Dec. 470. It is claimed that said articles are properly

[1] C. D. 2.

dutiable at only 25 per centum ad valorem under paragraph 1537 (b) of said tariff act as manufactures of rubber not specially provided for.

The plaintiff offered a sample of the imported merchandise, which was admitted in evidence as Exhibit 1, and the testimony of a single witness, no evidence being offered by the Government.

George Henry Krug, manager of the gun department of the plaintiff corporation, testified that he was familiar with the antirecoil heel plates in question, and with the uses made thereof; that they are employed to ease the shock of the recoil of a shotgun or rifle on the shoulder of the person using the same; and that the shotgun or rifle may be used for hunting or other purposes without using the recoil plate.

On cross-examination he testified that he knew of no other use for Exhibit 1 except in connection with a shotgun or rifle.

On redirect examination he testified, while the particular shape of Exhibit 1 is formed to fit into the stock of a gun, that an ordinary piece of leather nailed on to the butt of the gun would accomplish the same purpose; that in his opinion Exhibit 1 was not a fitting for a shotgun or rifle or for stocks or barrels for same; and that it was not an integral part of a gun.

The question of the tariff status of similar merchandise was before this court as early as March 30, 1899, in the case of *Chas. H. Wyman & Co.* v. *United States*, T. D. 20956, G. A. 4402, 1 Treas. Dec. 706. In that case the Board of General Appraisers (now this court) held that recoil pads of hard and soft rubber which were attached to the back end of the stock to protect the shoulder from the recoil of the gun were properly assessed for duty at the rate of 50 per centum ad valorem under the provision in paragraph 158 of the Tariff Act of 1897 for "all other parts of such guns or rifles, and fittings for such stocks or barrels."

That decision was followed in the case of *Schoverling, Daly & Gales* v. *United States*, Abstract 6098 (T. D. 26289), 9 Treas. Dec. 707. On appeal this latter decision was reversed by the United States Circuit Court for the Southern District of New York in the case of *Schoverling, Daly & Gales* v. *United States*, 142 Fed. 302, T. D. 26972, in which the court said, referring to the merchandise:

* * * It consists of an india rubber attachment to guns, known as a "recoil pad," and takes the place of the heel plate of the gun. It is not extensively manufactured, and inasmuch as the recoil pad is not an essential or necessary attachment, its use is simply optional. Some evidence was given on behalf of the government to prove that in trade the article was regarded as a finished fitting for the stock of the gun. Such evidence, however, is unpersuasive and falls short of establishing a commercial usage. * * *

* * * Several witnesses for the protestants, who were engaged in the trade, have testified in this court that the function of the recoil pad is to resist the recoil

of the gun, and that it adds to the comfort of the person shooting. Such witnesses also state that the recoil pad is not a fitting for the gun, and while to a considerable extent it displaces the stock plate yet there are many guns manufactured and used without such plate or heelpiece. As the testimony upon this point was not before the board, I am of the opinion that the merchandise is not strictly a fitting to a gun, or part of a gun as commercially understood; and hence is not dutiable as assessed, but comes more properly within the classification of section 1, Schedule N, par. 449, 30 Stat. 193 (U. S. Comp. St. 1901, p. 1678), and is dutiable at 30 per cent ad valorem as a manufacture of india rubber. * * *

Following the cited decision we hold as a matter of law that the recoil plates herein, which the Government concedes are composed in chief value of rubber, are properly dutiable at the rate of 25 per centum ad valorem under said paragraph 1537 as manufactures of rubber not specially provided for, as alleged by the plaintiff, rather than at the rate of 27½ per centum ad valorem under said paragraph 365 (as modified by the trade agreement as aforesaid) as parts or fittings for shotguns, as classified by the collector. That claim is therefore sustained, but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.