LANG CO. ET AL. *v.* UNITED STATES (No. 2944)[1]

United States Court of Customs Appeals, December 5, 1927

*Allen R. Brown* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*William H. Futrell*, special attorney, of counsel), for the United States.

[Oral argument October 12, 1927, by Mr. Brown and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

Paragraphs 1013 and 1014 of the Tariff Act of 1922 read as follows:

PAR. 1013. Table damask composed wholly or in chief value of vegetable fiber other than cotton, and manufactures composed wholly or in chief value of such damask, 40 per centum ad valorem.

PAR. 1014. Towels and napkins, finished or unfinished, composed wholly or in chief value of flax, hemp, or ramie, or of which these substances are, or any of them is, the component material of chief value, not exceeding one hundred and twenty threads to the square inch, counting the warp and filling, 55 per centum ad valorem; exceeding one hundred and twenty threads to the square inch, counting the warp and filling, 40 per centum ad valorem; sheets and pillow cases composed wholly or in chief value of flax, hemp, or ramie, or of which these substances are, or any of them is, the component material of chief value, 40 per centum ad valorem.

Appellants imported certain flax table damask in sets, each set consisting of a tablecloth with napkins made to match. Each set was packed in a paper carton, one tablecloth and six napkins.

The testimony shows that the goods were ordered in sets and are sold in sets. They were invoiced as "33 4/12 Doz. covers in total of yards 1306.40" and "200 Doz. napkins in total of yards 534.01." The invoice contains the German words "*Reinleinentischtucher und Servietten*," which the Government translates to mean "pure linen tablecloths and napkins."

The collector separated the sets and classified the tablecloths at 40 per centum ad valorem under the provision in paragraph 1013, *supra*, for "Table damask composed wholly or in chief value of vegetable fiber other than cotton, and manufactures composed wholly or in chief value of such damask." He classified the napkins at 55 per centum ad valorem under paragraph 1014 of the same act.

T. D. 42495.

The importers protested the classification of the napkins and contended in the court below, and contend here, that the collector's action in segregating the values of the constituent parts of the sets, which appellants contend are entireties, was erroneous, and that the napkins and tablecloths, each, should have been assessed for duty under paragraph 1013 at 40 per centum ad valorem.

The sole question in the case is, Do the tablecloth and six accompanying napkins constitute an entirety for tariff duty purposes, or are they segregable for such purposes?

*Altman & Co.* v. *United States*, 13 Ct. Cust. Appls. 315, T. D. 41232, and the decisions of the Board of United States General Appraisers (now United States Customs Court), found in Abstract 47559, 46 Treas. Dec. 606 and T. D. 40724, 47 Treas. Dec. 251, concerning footballs and football bladders, are relied upon by appellants.

In the *Altman & Co.* case, *supra*, certain corsets and lace trimmings used to trim the corsets were held to be entireties. They were separate and unattached, but in the same container. This court held that they were entireties. We do not regard this case as supporting the contentions of appellants. There the lace was cut and separately prepared to be used on the particular corset it accompanied and no other, and could not be used, practicably, in any other way. It was a part of the corset. In the instant case the tablecloth is complete without the napkins. The napkins are complete articles independent of the tablecloth. The mere fact that they may be bought, sold, and used together, in sets, does not require that they be regarded as entireties for tariff purposes.

As was pointed out in appellants' brief, there was no provision for footballs in the tariff act of 1913. The board held that bladders of rubber and cases of leather should be separately assessed, while in T. D. 40724, 47 Treas. Dec. 251, the board, having under consideration the same merchandise and the same record, held that the bladders and cases were entireties. This was because the Tariff Act of 1922 made a specific provision for footballs. Footballs were known to be constituted of rubber bladders and leather cases. It is clear to us that this case does not support appellants' position in any particular. If Congress had not wanted napkins to be separately assessed it would not have named them specifically in the act.

The *eo nomine* provision for napkins controls over the general provision for table damask. The separate *eo nomine* provision for napkins in the Tariff Act of 1922 compels the conclusion that the legislature did not regard napkins and tablecloths, imported in sets, as entireties. *United States* v. *Kalter Mercantile Co. et al.*, 11 Ct. Cust. Appls. 540, T. D. 39680; *Sheldon & Co.* v. *United States*, 14 Ct. Cust. Appls. 108, T. D. 41591.

A review of the cases of this and other courts touching upon the subject of entireties would not be helpful here, since this court set them out and discussed them somewhat in the *Altman & Co.* case, *supra*.

The judgment of the United States Customs Court is *affirmed*.