**No. 41981.**—Protests 36571–G, etc., of Gimbel Bros. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel the merchandise in question was held dutiable as follows: (1) articles in chief value of artificial silk at 60 percent under paragraph 31, Abstract 37230 followed; (2) filet lace articles, Normandy lace articles and embroidered hats and wearing apparel at 75 percent under paragraph 1430, *United States* v. *Jabara* (22 C. C. P. A. 77, T. D. 47065), *United States* v. *Amrein* (26 C. C. P. A. 353, C. A. D. 40), and *Pustet* v. *United States* (13 Ct. Cust. Appls. 530, T. D. 41396) followed; (3) artificial fruits at 60 percent under paragraph 1419, on the authority of *Robinson-Goodman* v. *United States* (17 C. C. P. A. 149, T. D. 43473); (4) hats in chief value of silk at 60 percent under paragraph 1210; and (5) hats in chief value of cellulose filaments at 60 percent under paragraph 31, *Amberg* v. *United States* (T. D. 46204) followed.

BEFORE THE FIRST DIVISION, AUGUST 24, 1939

**No. 41982.**—Protests 894348–G, etc., of May Dept. Stores, Inc., et al. (Los Angeles).

Opinion by McCLELLAND, P. J. While the combination of articles, namely, racquets, shuttlecocks, and net, is described in the stipulation as "complete articles (badminton sets)," the court was not satisfied that sufficient evidence had been presented to warrant a finding that the combination constitutes an entirety for tariff purposes. *Lang* v. *United States* (15 Ct. Cust. Appls. 341, T. D. 42495) cited. The protests were therefore overruled. Judge Sullivan agreed in the conclusion; Brown, J., dissented.

**No. 41983.**—Protests 764152–G, etc., of Long Sang Ti Chinese Curio Co. (New York).

Opinion by McCLELLAND, P. J. The protests were submitted without evidence in support of the claims made. They were therefore overruled.