BEFORE THE FIRST DIVISION, MAY 13, 1963

**No. 67720.**—R. J. Saunders & Co., Inc. *v.* United States, protest 60/7757 (New York).

OLIVER, Chief Judge: The merchandise involved in this case consists of an electric shaver, with small brush, and electric cord with plug, that were imported in a leather case. The collector classified the shaver, brush, and cord with plug, collectively, under the provision in paragraph 353 of the Tariff Act of 1930, as modified by T.D. 52739, for "Articles having as an essential feature an electrical element or device * * * wholly or in chief value of metal, and not specially provided for," carrying a dutiable assessment at the rate of 13¾ per centum ad valorem. The leather case was regarded as a separate entity and, accordingly, assessed with duty at the rate of 20 per centum ad valorem under the provision in paragraph 1531, as modified by T.D. 51802, for cases, wholly or in chief value of leather, not specially provided for.

Plaintiff does not dispute the classification of the electric shaver, with the brush and cord, under paragraph 353, as modified, *supra*, but contends that the leather case is an integral part thereof and, therefore, should be classified and subject to the same rate of duty as the other items included in the importation. The issue herein involves the doctrine of entireties.

The question of entireties has been the subject of much litigation both in this court and the Court of Customs and Patent Appeals. The complexities of the different situations that have been encountered and the wide variety of facts associated therewith have prevented the courts from enunciating any definite rule which could be a positive guide, under all circumstances, for the classification of merchandise as an entirety.

In this case, it is evident from an examination of the sample (plaintiff's collective exhibit 1), that the leather case under consideration was designed to hold the electric shaver with which it was imported. The vice president of the importing corporation, the sole witness who appeared herein, testified that the combination of imported articles, i.e., the electric shaver and leather case, is always bought and sold as a commercial unit. The witness' testimony concerning the use of the leather case appears in the record as follows (R. 15) :

Q. What is the function of the leather case, in connection with the entire commercial unit or entity represented by Collective Exhibit 1?—A. Basically, it's a protective function. It protects the shaver from damage, as it is a relatively fragile item in spite of its substantial appearance. It has a secondary use, in that in traveling purposes, it facilitates carrying the shaver from one place to another ; and the third use probably is in the home, where many people shave in the morning, and put the shaver back in its case before they put it away.

Controlling of the present issue, is *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.*, 22 CCPA 281, T.D. 47330. There, the merchandise consisted

of leather cases designed to hold prism binoculars with which the leather cases were imported. It appeared of record therein that the leather cases and the binoculars were not sold separately in this country but always together, and that the leather cases performed no function, except to hold the binoculars as a protection and to afford a convenient method for carrying them. In holding the combination of articles to be dutiable as separate entities, the appellate court stated as follows:

Limiting our decision solely to the issues presented to the trial court, we must hold that the involved cases and the binoculars contained in them are not dutiable as entireties. They were not designed to be, nor are they capable of being, assembled together to make a new article having a new name, character, or use. On the contrary, each is a separate, distinct, and complete entity, the cases being designed merely as suitable containers for the binoculars when not in use during, and subsequent to, their transportation to the United States. That the doctrine of entireties is not applicable to the involved merchandise is so apparent that we deem it unnecessary to prolong this discussion. See *United States* v. *Kronfeld, Saunders, Inc.*, 20 C.C.P.A. (Customs) 57, T.D. 45679, and cases cited therein.

The reasoning employed in the foregoing quotation has equal application, with the same force and effect, to the electric shaver and leather case involved herein. They are not designed to be joined or attached together, and they do not form a new and distinct article of commerce. That they are bought and sold together, as a unit, does not require that they be regarded as entireties for tariff purposes. *Lang Co. et al.* v. *United States*, 15 Ct. Cust. Appls. 341, T.D. 42495.

The case of *F. B. Vandegrift & Co., Inc.* v. *United States*, 43 Cust. Ct. 22, C.D. 2097, discussed in detail in plaintiff's brief, does not apply to the merchandise in question. In that case, the imported merchandise consisted of a moisture tester, complete with shaker, scale, scoop, and brush, all of which were contained in a polished oak case. The moisture tester, with the said components, was classified as a machine, not specially provided for, with a dutiable assessment at the rate of 13¾ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified. The case was separately assessed with duty at the rate of 16⅔ per centum ad valorem under the provision in paragraph 412, as modified, for manufactures of wood, not specially provided for. The protest claim was directed against the latter assessment, claiming that the rate of duty imposed on the tester should also apply to the case, on the ground that both articles form an entirety for tariff purposes.

Record evidence showed that the moisture tester was an instrument used in the field to test the moisture content of sand, clay, paper, wool, cloth, cotton, wheat, seed, etc., and that it was designed to be carried to the foundry, plant, or other place where the material to be tested was located. Essential to the proper operation of the moisture tester was the requirement of having the sample to be tested to weigh exactly 3 grams. For this purpose, there was provided a balance scale, consisting of a standard and a beam, as well as a cradle and a pan. The standard was mounted on a wooden platform, which, in turn, was fastened to the case in such a manner that the platform could be raised to a horizontal position when the case was opened and securely fixed in that position by means of spring-actuated hardware built into the case. In holding the moisture tester and the oak case to be classifiable as an entirety, the court stated that since the case provided a platform for the balance scale which was necessary for the operation of the tester and thereby performed an essential function in the use of the article as a portable moisture tester, the case was, therefore, an integral part of the tester. No comparable condition applies to the electric shaver and the leather case, the subject of the present controversy. When used

together, each performs its separate function without loss of its essential characteristics. There is no natural affinity or relation between the electric shaver and the leather case. Neither of the articles is necessary for the completeness of the other. *United States* v. *John Wanamaker, Philadelphia, Inc.*, 20 CCPA 367, T.D. 46132. Hence, they are not classifiable as entireties.

Consideration has been given to all of the cases cited in the briefs of counsel for the respective parties. Reference herein has been made only to those cases considered necessary to support the reasoning followed and the conclusion reached.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the leather cases included in the shipment under consideration to be properly dutiable as separate entities at the rate of 20 per centum ad valorem under the provision in paragraph 1531, as modified, for cases, wholly or in chief value of leather, not specially provided for, as assessed by the collector.

The protest is overruled and judgment will be rendered accordingly.