(C.D. 4387)

R. J. SAUNDERS & Co., INC. v. UNITED STATES

(Decided October 16, 1972)

*Donohue & Shaw* (*Charles P. Deem* of counsel) for the plaintiff.

*Harlington Wood, Jr.,* Assistant Attorney General (*John A. Gussow,* trial attorney), for the defendant.

WATSON, Judge: This protest places in issue the classification of certain boxes in which Norelco electric shavers, models SC 7870 and SC 7960 were imported in 1962. The shavers were classified as "[a]rticles having as an essential feature an electrical element or device", under paragraph 353 of the Tariff Act of 1930, as modified, and assessed with duty at the rate of 13¾ percent ad valorem. The boxes in question were classified as articles of metal not specially provided for pursuant to paragraph 397 of the Tariff Act of 1930, as modified, and assessed with duty at the rate of 19 percent ad valorem.

Plaintiff claims the boxes at issue are containers of the imported shavers and therefore should be subject to duty in accordance with section 402(b) of the Tariff Act of 1930, as amended, which provides that the cost of "all containers and coverings of whatever nature" shall be added to the export value of the imported merchandise, in effect making the cost of the containers dutiable at the same rate as the importations they contain.

The testimony and exhibits herein indicate that the boxes in question are containers in which the shavers heretofore mentioned are imported. These containers are of a durable and substantial nature, serving to protect the importation during transportation, enhance the appearance and attractiveness of the product for sale, and protect and store the shaver during the period of its use by the consumer.[1]

Defendant contends the article in question cannot be considered a container "*unless* it is used *only* in the *bona fide* transportation of goods to the United States, and is of *no* use, *no* value, and *no* inducement to purchase by the consumer * * *" and relies principally on the decision in *John P. Herber & Co., Inc.* v. *United States,* 30 Cust. Ct. 193, C.D. 1519 (1953).

Plaintiff argues that a container should be classified as such unless it is either an "unusual" container provided for in section 504 of the

---

[1] The use of the container as an independent, general purpose storage article (presumably after the untimely demise of the shaver) has not been established as a commercially meaningful use. If it is so used, it is an unspecific and negligible use to which any container whatsoever might be put.

Tariff Act of 1930 or specifically provided for as an independent article of commerce in some other provision such as paragraph 217 (glass containers filled or unfilled) or paragraph 328 (metal drums, etc., full or empty).

I am of the opinion that plaintiff's position is correct, in conformity with the statutory meaning and legislative intent and consistent with the reasoning underlying the case law on the subject of containers. First, the language of section 402(b) of the Tariff Act of 1930, as amended, is markedly inclusive in requiring the addition to the export sales price of "the cost of all containers and coverings of *whatever nature* * * *." [Emphasis supplied.] The plain implication of the emphasized phrase is that Congress was aware of the existence of a variety of possible containers and coverings and a variety of forms, materials and styles. This leads me to conclude that in dealing with containers first consideration must be given to this provision and it can be disregarded only if the containers in question are specifically provided for as containers elsewhere or are unusual containers of the type covered by section 504.

In short, if the importations are indeed containers, and the record clearly supports this view, they must either be those containers whose cost is added to the value of the article they contain or containers provided for elsewhere in the tariff act. The provision pursuant to which these containers were classified presupposes that they are not containers, a fact which is contrary to the evidence herein.

None of the attributes of these articles are such as to change them from ordinary containers into something else. First, that they have a significant monetary value is not disqualifying. The very existence of the provisions of section 402(b) and the various container provisions are indications that containers must have value and that it would be entirely unrealistic to require otherwise. Second, the aid to merchandising represented by the attractiveness and utility of the container for continued use as the container of the product purchased is a legitimate characteristic which is entirely consistent with the importation's function as a container. I distinguish between the container which offers a continuation of its original function as a selling point and the container which promises a usefulness going beyond its original function. In this respect, it is meaningless to speak of the container as representing an inducement to purchase unless we follow the same distinction, that is to say, between a container whose continuation of its original function is an inducement to purchase and the container whose separate and distinct usefulness, apart from its relation to its contents, is an inducement to purchase. The former situation is entirely consistent with the article in question being a container named in section 402(b) since it is the acquisition of the contents which is definitely

foremost in the mind of the purchaser. Third, I see no disqualifying factor present if the useful life of the container extends to the time when its contents are used by the consumer so long as the continuation of usefulness is a logical and inevitable extension of its role as a container.

I arrive at a definition of container which excludes those whose value, usefulness and promotional qualities are derived from the fact they represent a product identity separate from their contents. It is in the same vein that I approach the decisions in this area which, however much they may vary in describing the attributes of containers, may be interpreted as coinciding on this unifying fundamental point.

It is in this light that I read *United States* v. *Garramone*, 2 Ct. Cust. Appls. 30, T.D. 31577 (1911), in which plaintiff was attempting to remove small tin cans containing tomatoes and tomato sauce from classification as containers under a predecessor provision to section 402 of the Tariff Act of 1930.[2] The court did not agree with plaintiff, stating that the cans were "the ordinary containers used for holding the merchandise" and were "neither designed nor adapted to any other use nor of any value apart from their contents * * *." The court stated further, in language emphasized by defendant herein, that "[s]eparated from their contents these containers are of no use, of no value, and do not constitute any part of the consideration which induces the purchase thereof by the consumers * * *." When read in context, these statements do not mean that containers must be worthless but rather that they must have no worth and meaningful use as separate articles and must not themselves be the independent subject of trade and the object of consumer acquisition. Cf. *United States* v. *Hohner et al.*, 4 Ct. Cust. Appls. 122, T.D. 33393 (1913).

The considerations discussed above have been consistently followed by the courts and it remains necessary only to discuss the decision in *John P. Herber & Co., Inc.* v. *United States, supra,* in which certain leather cases imported containing binoculars were held to be leather cases not specially provided for rather than containers dutiable in accordance with section 402 of the Tariff Act of 1930. That decision, which I view as resulting from a finding by the trial judge that to the purchaser, the acquisition of the leather case with its convenient carrying straps, was a consideration as important as the purchase of the binoculars, must be considered as arising from its own limited factual considerations. That case stands outside the mainstream of case law on the subject of containers and, arising from a special situation, cannot be applied to the factual situation herein where the acquisition of the shaver container is not a dominant consideration but, at most, a tangential inducement to purchase.

---

[2] Subsection 18, section 28, Tariff Act of 1909.

The record in the case of *R. J. Saunders & Co., Inc.* v. *United States*, 50 Cust. Ct. 299, Abs. 67720 (1963), has been incorporated herein. The focal point of that case was the claim that shaver containers were entireties with the shavers and the question of their classification as containers did not arise. For this reason, the results in that case are not relevant to the outcome herein, although portions of the testimony were informative.

For the reasons set out above, I reach the conclusion that the shaver cases involved herein are not separably dutiable under paragraph 397 of the Tariff Act of 1930, as modified, but rather are dutiable at the same rate as their shaver contents in accordance with the method set out in section 402(b) of said act, as amended. Consequently, the entry involved must be reliquidated in accordance with this decision.

Judgment will issue accordingly.